PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL MAKRIS, | ) | |
| | ) | CASE NO. 4:21CV0409 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| EBAY INC., | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 13, 16, 17, and 24] |

Pending is *Pro Se* Plaintiff Cheryl Makris's Motion for Default Judgment (ECF No. 13) and Request [for] Default Judgment (ECF No. 24). For the reasons set forth below, the motion and request are denied.

Also pending is Defendant eBay, Inc.'s Motions to Set Aside Entry of Default and for Leave to Respond to Complaint (ECF No. 16). For good cause shown, the motions are granted to allow for resolution of the case at bar on the merits.

**I.**

Plaintiff, by and through counsel, filed a Complaint (ECF No. 1) against Defendant in the above-entitled employment discrimination case. Plaintiff's purported claims for Family Medical Leave Act ("FMLA") interference, FMLA retaliation, disability discrimination under Ohio Rev. Code § 4112.01 *et seq.*, and retaliation in violation of Ohio Rev. Code § 4112.02(I) arise from her former employment at eBay as a Customer Service Representative. Plaintiff moves the Court for a default judgment against Defendant in the amount of $50,725 with reinstatement or

(4:21CV0409)

$202,899 without reinstatement. *See* Affidavit of Cheryl L.D. Makris (ECF No. 13-2) at PageID #: 54, ¶ 10.

Defendant was duly served with summons and the Complaint (ECF No. 1) by certified mail, *see* ECF No. 3; but, had failed to plead or otherwise defend. Therefore, the Clerk entered the default of eBay Inc. pursuant to Fed. R. Civ. P. 55(a). *See* ECF No. 14.

The Court has granted attorney Brian D. Spitz and The Spitz Law Firm's motion for leave to withdraw as counsel for Plaintiff. *See* Order (ECF No. 8-1).

Defendant's Motion to Set Aside Entry of Default and for Leave to Respond to Complaint (ECF No. 16) was filed only six (6) business days after the Court entered the Entry of Default (ECF No. 14).

**II.**

"Fed. R. Civ. P. 55(c) leaves the decision to set aside the entry of default to the discretion of the trial judge." *Barrett v. W. Express, Inc.*, No. 1:20-CV-2291, 2020 WL 7624828, at *2 (N.D. Ohio Dec. 22, 2020) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986)). The Court of Appeals for the Sixth Circuit has established three factors relevant to the determination of whether "good cause" exists to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c): "(1) [w]hether culpable conduct of the defendant led to the default, (2)[w]hether the defendant has a meritorious defense, and (3)[w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); accord *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). While courts consider these same three factors in evaluating whether to set aside a default

2

(4:21CV0409)

judgment under Fed. R. Civ. P. 60(b), "[i]n practice a somewhat more lenient standard is applied to Rule 55(c) motions." *Shepard Claims Serv., Inc.*, 796 F.2d at 193; *Waifersong*, 976 F.2d at 292 ("[T]he methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment."). Thus, although "[a]ll three factors must be considered in ruling on a motion to set aside entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard*, 796 F.2d at 194.

The Court finds no willful failure on Defendant's part. Defendant's delay in responding to the Complaint (ECF No. 1) was the result of attempting to reach an early and efficient resolution of the matter with Plaintiff's former counsel. *See* Declaration of Amir Vonsover (ECF No. 16-2) and attachments thereto. The same day eBay Legal received notice of the Entry of Default (ECF No. 14), eBay immediately retained Morgan, Lewis & Bockius LLP to represent it in this matter. *See* ECF No. 16-2 at PageID #: 78, ¶ 30. Attorney Andrew J. Barber entered his appearance the following day. *See* ECF No. 15. Defendant also has meritorious defenses that include, but are not limited to: Plaintiff is subject to a signed binding arbitration agreement that deprives the Court of jurisdiction to decide the claims alleged in the case at bar. *See* ECF No. 16-2 at PageID #: 78, ¶ 31; Mutual Arbitration Agreement (ECF No. 16-2 at PageID #: 81-83). Other than incurring additional litigation costs,[1] Plaintiff is not prejudiced by the Court vacating

---

[1] The Sixth Circuit "encourages setting aside default to allow for resolution on the merits, which will necessarily drive up litigation costs." *United States v. $22,050.00*

(continued...)

(4:21CV0409)

the Entry of Default (ECF No. 14). It is noted that eBay issued a litigation hold immediately after Plaintiff's termination of employment in an effort to preserve relevant documents or other records. *See* ECF No. 16-2 at PageID #: 78, ¶ 32.

### III.

Accordingly, Defendant's Motions to Set Aside Entry of Default and for Leave to Respond to Complaint (ECF No. 16) are granted. The default entered against eBay Inc. pursuant to Fed. R. Civ. P. 55(a) (ECF No. 14) is vacated and set aside. Defendant is granted leave until seven (7) business days from the date this Order to respond to the Complaint (ECF No. 1), including filing a motion to compel arbitration.

Plaintiff's Motion for Default Judgment (ECF No. 13) and Request [for] Default Judgment (ECF No. 24) are denied.

Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Default Judgment (ECF No. 17) is denied as moot.

A separate Telephonic Case Management Conference Scheduling Order will be issued.

IT IS SO ORDERED.

| | |
|---|---|
| February 16, 2022 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1](...continued)
*U.S. Currency*, 595 F.3d 318, 325 (6th Cir. 2010). Therefore, increased litigation costs to the plaintiff generally is not the kind of prejudice that can support sustaining an entry of default.

4