UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| CHERYL MAKRIS, | : | CASE NO. 4:21-cv-00409 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 27 and 28] |
| v. | : | |
| | : | |
| EBAY, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

CHARLES E. FLEMING, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Cheryl Makris sues her former employer, Defendant eBay, Inc., for violations of the Family Medical Leave Act ("FMLA") and Ohio law.[1] Defendant now moves to dismiss the case and compel arbitration.[2]

For the following reasons, this Court **GRANTS** Defendant's motion compel arbitration of Plaintiff's claims and **DISMISSES** the case.

I. Background

On October 1, 2018, Plaintiff Cheryl Makris began working for Defendant eBay, Inc., as an eBay@Home Buy Teammate.[3] As part of eBay's onboarding process, Makris completed an online agreement to arbitrate employment disputes. The arbitration agreement required Makris "to arbitrate any and all disputes . . . which arise from or relate to . . . the employment relationship between" Makris and eBay, Inc.[4] It further stated, ""[t]he claims covered by this Agreement encompass all disputes between [Makris] and [eBay, Inc.], including, but not

---

[1] ECF No. 1, Compl.
[2] ECF Nos. 27; 27-1, Mtn. to Dismiss.
[3] ECF No. 1, Compl. At PageID# 2.
[4] ECF No. 27-2, Def.'s Ex. 2 at PageID# 183.

Case No. 4:21-cv-00409
FLEMING, J.

limited to, claims under . . . the Family and Medical Leave Act; . . . and the law of the state where Employee works or worked at the time the arbitrable claim arose."[5] On May 19, 2020 Makris was terminated. Makris filed the instant suit on February 22, 2021.

Defendant now moves to dismiss the case and compel arbitration of Plaintiff's claims against Defendant.[6]

## II. Discussion

A party may petition a court for an order directing the parties to arbitrate the claims before it.[7] The Sixth Circuit applies a four-part test to determine whether a court should stay proceedings and compel arbitration: (1) did the parties agree to arbitrate; (2) does the scope of that agreement cover the dispute at issue; (3) if federal statutory claims are asserted, did Congress intend those claims to be non-arbitrable; and (4) if the court concludes that some, but not all, of the claims in the action are subject to arbitration, should the court stay the remainder of the proceedings pending arbitration.[8] Any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration.[9]

### A. The Parties Have a Valid Agreement to Arbitrate

An arbitration agreement is enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract."[10] Under Ohio law: "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal

---

[5] *Id.*
[6] ECF Nos. 27; 27-1, Mtn. to Dismiss
[7] 9 U.S.C. § 4.
[8] *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).
[9] *Id.* (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985).
[10] 9 U.S.C. § 2.

- 2 -

Case No. 4:21-cv-00409
FLEMING, J.

benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration."[11] When "the language of a contract is clear and unambiguous, a court may not resort to construction of that language."[12]

Here, the parties clearly agreed to submit all claims and disputes arising out of their employment relationship to arbitration. The language of Plaintiff's offer letter and the arbitration agreement is unambiguous.

Plaintiff Makris signed the arbitration agreement as part of her onboarding process at the start of her employment with eBay.[13] Plaintiff's offer letter stated "[a]s a condition of your employment, you must complete . . . the Mutual Arbitration Agreement . . . prior to commencing employment."[14] The arbitration agreement required Makris "to arbitrate any and all disputes . . . which arise from or relate to . . . the employment relationship between" Makris and eBay, Inc.[15]

The offer of employment and mutual promise to arbitrate constitute sufficient consideration.[16] Defendant eBay offered Plaintiff employment on the condition that she agree to the arbitration agreement.[17] Plaintiff accepted Defendant's offer and electronically signed both her offer letter and the arbitration agreement.[18]

Therefore, the parties have a valid agreement to arbitrate disputes.

### B. The Scope of the Arbitration Agreement Covers Plaintiff's Claims

---

[11] *Minster Farmers Coop. Exch. Co., Inc. v. Meyer*, 884 N.E.2d 1056, 1061 (Ohio 2008) (internal quotation marks omitted).
[12] *Med. Billing, Inc. v. Med. Mgmt. Scis., Inc.*, 212 F.3d 332, 336 (6th Cir. 2000) (citing *Hybud Equip. Corp. v. Sphere Drake Ins. Co. Ltd.*, 597 N.E.2d 1096, 1102 (1992), *cert. denied*, 507 U.S. 987 (1993)).
[13] ECF No. 27-2, Def.'s Ex. 2. at PageID# 185.
[14] ECF No. 27-2, Def.'s Ex. 1. at PageID# 180.
[15] ECF No. 27-2, Def.'s Ex. 2. at PageID# 183.
[16] *See Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 974 (6th Cir. 2007); *Sherman v. Serv. Corp. Int'l*, No. 16-CV-0011, 2017 WL 36270, at *2 (N.D. Ohio Jan. 4, 2017) (enforcing an online arbitration agreement electronically signed during the on-boarding process for new employees and listing other S.D. Ohio cases reaching the same conclusion).
[17] Def.'s Ex. 1., ECF No. 27-2.
[18] *Id.* at PageID# 181.

Case No. 4:21-cv-00409
FLEMING, J.

Plaintiff agreed to arbitrate any claims that arise from or are related to her employment with Defendant. The arbitration agreement required Makris "to arbitrate any and all disputes . . . which arise from or relate to . . . the employment relationship between" Makris and eBay, Inc.[19] It further stated, ""[t]he claims covered by this Agreement encompass all disputes between [Makris] and [eBay, Inc.], including, but not limited to, claims under . . . the Family and Medical Leave Act; . . . and the law of the state where Employee works or worked at the time the arbitrable claim arose."[20]

Plaintiff now sues Defendant for unlawful interference with her FMLA rights, retaliation in violation of the FMLA, disability discrimination in violation of Ohio law, and unlawful retaliation in violation of Ohio law. These claims fall squarely within the parties' arbitration agreement.

### C. Plaintiff's FMLA Claims are Arbitrable

Plaintiff Makris brings federal statutory claims under the Family Medical Leave Act ("FMLA"). There is "no indication that Congress intended to exclude [FMLA] claims from arbitration."[21]

Because all of Plaintiff's claims are subject to arbitration, this Court need not stay the remainder of the proceedings pending arbitration. Therefore, this Court grants Defendant's motion to dismiss.

### III. Conclusion

For the foregoing reasons, this Court **GRANTS** Defendant's motion to compel

---

[19] *Id.* a PageID# 183.
[20] *Id.*
[21] *Rupert v. Macy's, Inc.*, No. 1:09CV2763, 2010 WL 2232305, at *8 (N.D. Ohio June 2, 2010). *See also Brinkerhoff v. Zachry Construction Corp.*, 2005 U.S. Dist. LEXIS 33333, at *15–16, 2005 WL 1661693 (S.D. Ohio July 14, 2005) ("Nothing in the language of the FMLA suggests that Congress wished to exempt disputes arising under it from the FAA.").

Case No. 4:21-cv-00409
FLEMING, J.

arbitration of Plaintiff's claims and **DISMISSES** the case. As a result of this order, Plaintiff's motion for reconsideration (ECF No. 28) is **DENIED** as moot.

    IT IS SO ORDERED.

Dated: August 15, 2022

                                              */s/ Charles Fleming*
                                              CHARLES E. FLEMING
                                              UNITED STATES DISTRICT JUDGE